UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00625-TWP-MKK |
| | ) |
| WEV WORKS, LLC d/b/a ROAM, | ) |
| HORNADY MANUFACTURING COMPANY, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON HORNADY'S MOTION FOR FEES AND COSTS**

This matter is before the Court on Defendant Hornady Manufacturing Company's ("Hornady") Motion for Award of Attorney's Fees and Costs (Filing No. 42), following the voluntary dismissal of Hornady from this action (Filing No. 41). For the reasons explained below, Hornady's Motion is **denied**.

### I.    BACKGROUND

On April 11, 2023, Plaintiff Steven Johnson ("Johnson"), filed a complaint in this Court against Wev Works, LLC d/b/a Roam ("Roam") and Hornady for defective manufacture, defective design, failure to warn, negligence, and breach of implied warranty (Filing No. 1). Roam is a firearms manufacturing company that designs and manufactures the Roam R-10 Walhalla rifle ("the Rifle"). *Id.* at 2. Hornady is a firearms ammunition manufacturing company that designs, manufactures, and sells the Hornady Varmint Express 6.5 Creedmoor ammunition to customers located in Indiana. *Id*.

Johnson purchased the Rifle from Roam on October 27, 2020, *id*., and purchased accompanying ammunition from Hornady. *Id.* at 3. The Rifle was fitted for a 6.5 Creedmoor bullet – the type Johnson purchased from Hornady. *Id.* Approximately six months later, in April,

Johnson was injured when loading the Rifle. *Id.* While loading the Rifle with the 6.5 Creedmoor bullet from Hornady, the Rifle discharged and fired ammunition into a concrete floor. *Id.* Due to the impact from the bullet, several pieces of the concrete floor shattered, landing in Johnson's eye. *Id.* Johnson suffered a perforated cornea and had "a piece of metallic fragment in between his cornea and iris." (Filing No. 47 at 1-2.) Johnson contends the safety was on at the time he loaded the gun (Filing No. 1).

Hornady filed a Motion to Dismiss and for an Award of Attorney's Fees and Costs on June 5, 2023 (Filing No. 16). On September 15, 2023, while this motion was pending review by the Court, Johnson filed his Voluntary Motion to Dismissal of Defendant Hornady Manufacturing Company, pursuant to Rule 41(a)(2) (Filing No. 40). Within Johnson's Motion to Dismiss was a proposed order suggesting each party be responsible for their own attorney's fees and costs. *Id.* at 2. On September 18, 2023, the Court entered an order granting Johnson's Motion for Voluntary Dismissal and Hornady's Motion to Dismiss and Award of Attorney Fees were denied as moot (Filing No. 41).[1] On September 22, 2023, Hornaday filed the instant Motion before the Court, noting that a district court retains jurisdiction to consider collateral issues, including motions for costs and fees, even after an action has been voluntarily dismissed by a plaintiff. (Filing No. 42).

## II.   LEGAL STANDARD

Indiana federal courts traditionally adhere to the "American Rule" with respect to payment of attorney's fees, which requires each party to pay for their own attorney's fees absent an agreement between the parties, statutory authority, or rule to the contrary. *King v. Illinois State Bd. of Elections*, 410 F.3d 404, 411 (7th Cir. 2005). Because any statute allowing for the recovery of attorney fees is in direct contrast of the commonly followed American Rule, it must be narrowly

---

[1] Given the Court's previous decision on Hornady's Award of Attorney Fees (Filing No. 41), the Court will consider Hornady's Motion for Attorney's Fees and Costs (Filing No. 42) as a motion for reconsideration.

construed. *Norfolk Redevelopment & Hous. Auth. v. Chesapeake & Potomac Tel. Co.*, 464 U.S. 30, 35 (1983).

There are a few statutes that allow for the recovery of attorney's fees and costs. Defendants may be awarded attorney's fees and costs if plaintiffs bring forth groundless actions. Ind. Code § 34-12-3-4. Plaintiffs are not allowed to bring an action under a theory of recovery for damages resulting from "the lawful design; manufacture; marketing; or sale; of a firearm or ammunition for a firearm." Ind. Code § 34-12-3-3(1). If the court finds that a plaintiff brought forth an action under a theory of recovery described in section 3(1), it is conclusive evidence that the action is groundless. Ind. Code § 34-12-3-4. However, plaintiffs may bring forth actions for breach of contract concerning ammunition and for damage caused by defective ammunition. Ind. Code § 34-12-3-5. These actions are not considered groundless, and each party will have to bear their own attorney's fees and costs. *Id.* Absent a groundless action, defendants' other possible means to recover attorney's fees is through a voluntary dismissal. *See Cauley v. Wilson*, 754 F.2d 769, 770 (1985).

Under Rule 41(a)(2), the district court is permitted to condition a voluntary dismissal without prejudice on payment of attorney's fees to the defendant. Fed. R. Civ. P. 41(a)(2). Defendants are awarded attorneys' fees on a voluntary dismissal without prejudice to compensate them for the unnecessary expenses incurred by litigation since a defendant may have to defend the case again later, incurring duplicative expenses. *McLaughlin v. Cheshire*, 676 F.2d 855, 857 (D.C. Cir. 1982); *but see Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965) (fees are not awarded when a case is dismissed with prejudice because the "defendant cannot be made to defend again"). Therefore, fee awards should only reimburse the defendant for any expenses incurred in preparing

work product that would not be helpful in subsequent litigations of the same claim. *See McLaughlin v. Cheshire*, 676 F.2d 855, 857 (D.C. Cir. 1982).

### III.   DISCUSSION

Hornady asserts they should be awarded their attorney fees and costs under Indiana Code § 34-12-3-4(a) because Johnson brought forth an action in violation of Ind. Code § 34-12-3-3(1). Specifically, Hornaday points out that § 34-12- 3-4(a) provides that where a party has brought an action against a firearm or ammunition manufacturer in violation of the statute, as Johnson did here, the Court "shall dismiss the claim or action and award to the defendant any reasonable attorney's fees and costs incurred in defending the claims or action." (Filing No. 42 at 3).  Hornady asserts there were no facts pled in the Complaint to suggest a defect in the ammunition and therefore, it is clear this action falls under section (3)(1).  This Court disagrees.

Johnson pled several facts in his Complaint to suggest defect in the ammunition provided by Hornady.  When reviewing a complaint, the court presumes all factual allegations are true and construes them in the light most favorable to the plaintiff.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).  In his Complaint, under Count VI, Johnson states "a primer cap [] allowed unintended discharge during loading in conjunction with the Rifle's bolt action/firing pin design, making the ammunition more dangerous than a reasonably prudent consumer would expect…" (Filing No. 1 at 7).  Johnson also states, "[u]pon closing the bolt, the Rifle, *suddenly and without warning*, discharged and fired a round of the [a]mmunition into a concrete floor" and "[a]s a result of the *unintended* discharge" he suffered injuries (Filing No. 1 at 3) (emphases added).  Viewing these statements in the light most favorable to Johnson, he has sufficiently alleged a defect in the ammunition.

4

Hornady attempts to use *Reynolds* as an illustrative case, but this is unconvincing. *Reynolds v. Double Tap Defense*, LLC, No. 16-cv-00009 KMT (D. Colo., August 29, 2016). First, the *Reynolds* decision is not binding on this Court. Second, there are material differences that would prohibit reward of attorney's fees here. In *Reynolds*, the plaintiff was injured when he pulled the trigger and his handgun "double discharged" firing two bullets at once. *Id*. It is clear the handgun firing two bullets at once, *after the trigger was pulled*, is indicative of the firearm being defective, not the ammunition itself. In the instant case, Johnson alleges that he never pulled the trigger to the firearm and only one bullet discharged without warning (Filing No. 1).

Furthermore, the Plaintiff in *Reynolds* brought significantly different claims than the ones being brought in the instant case. In *Reynolds*, claims of strict product liability, breach of warranty, negligence and negligent misrepresentation, and loss of consortium were brought forth. *Id.* Here, Johnson brought claims under a theory of negligence for defective manufacture, defective design, failure to warn, and breach of implied warranty of merchantability (Filing No. 1). For these reasons, Johnson's claim would not have been dismissed for the reasons the *Reynolds* case was dismissed.

In addition, § 34-12-3-3 is inapplicable for two reasons. First, section 3(1) only prohibits actions seeking recovery of damages for *some* ammunition related claims. No plaintiff is prohibited from bringing actions against ammunition manufacturers for "(1) breach of contract or warranty concerning firearms or ammunition purchased by a person and (2) damage or harm to a person or to property owned or leased by a person caused by a defective firearm or ammunition." *See* Ind. Code 34-12-3-5. It is clear Johnson's claims fall under § 34-12-3-5. Second, even if some of Johnson's claims fell under § 34-12-3-3, this Court has yet to make that finding so fees could not be awarded under that theory at this time.

The Court is not persuaded by Hornady's assertions that Johnson's claims were groundless, therefore an award for fees and costs under § 34-12-3-3 is unwarranted.

### IV.   CONCLUSION

For the foregoing reasons, Hornady's Motion for Award of Attorney's Fees and Costs ([Filing No. 42](#)) is **DENIED**.

**SO ORDERED.**

Date:   8/12/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

All registered participants on CM/ECF

Christopher G. Stevenson
BALL EGGLESTON
cstevenson@ball-law.com

Christopher D. Lee
DINSMORE & SHOHL
Christopher.Lee@Dinsmore.com

Craig A. Livingston
LIVINGSTON LAW FIRM
clivingston@livingstonlawyers.com

J. Benjamin Broadhead
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
ben.broadhead@faegredrinker.com

Andrew Lorin Campbell
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
andrew.campbell@faegredrinker.com

Alexandra Christine Fuson
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
lexi.fuson@faegredrinker.com

Kevin Schneider
CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, LLP
kschneider@clinewilliams.com